UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | Criminal Action No. 6:10-CR-00032-CHB |
| ) | |
| v.   ) | |
| ) | **ORDER ADOPTING** |
| MICHELLE T. ROSS,   ) | **RECOMMENDED DISPOSITION** |
| ) | |
| Defendant.   ) | |

*** *** *** ***

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. [R. 51]. The Recommended Disposition addresses the conditions of Defendant Michelle T. Ross's supervised release that she was alleged to have violated.

By way of background, judgment was entered against Ross in this District in June 2020 following her plea of guilty to a count of conspiracy to manufacture methamphetamine. *See* [R. 43]. At that time, Ross was sentenced to 22 months of imprisonment to be followed by three years of supervised release. *See id.* at 2–3. In April 2021, Ross was released from the custody of the Bureau of Prisons to begin service on her term of supervision.

On February 6, 2024, the United States Probation Office ("USPO") provided the Court with a Supervised Release Violation Report ("the Report"), which charges Ross with violation of the mandatory conditions of her release that she must not commit another federal, state, or local crime, and that she must not unlawfully possess a controlled substance ("Violation No. 1"). As grounds for Violation No. 1, the Report states that on February 2, 2024, Ross was arrested and

charged in McCreary County, Kentucky Case No. 24-F-00042: 1) Possession of Controlled Substance, 1st Degree, 1st Offense (Methamphetamine).

On April 10, 2024, the USPO issued an Addendum to the Report, adding Violation #2, which alleges violation of the conditions of Ross's release that she not commit another federal, state, or local crime, and that she not unlawfully possess a controlled substance and must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. As a factual basis for Violation No. 2, the Addendum states that, on April 3, 2024, Ross was charged in Knox County District Court, Case No. 24-F-00126, and charged with Promoting Contraband – 1st Degree.

On May 30, 2024, the USPO issued a Second Addendum to the Report, providing an update on the state criminal charges against Ross. The Second Addendum advises that:

> Regarding violation #1, on February 26, 2024, a grand jury indictment was returned charging Ross with Trafficking in Controlled Substances, 1st Degree, 1st Offense (Greater Than 2 Grams Methamphetamine) in McCreary County, Kentucky, Circuit Court Case No. 24-CR-00035. This was formerly McCreary County, Kentucky, District Court Case No. 24-F-00042.
>
> On May 16, 2024, Ross entered a guilty plea to the amended charge of Possession of Controlled Substance, 1st Degree, 1st Offense (Methamphetamine). She was sentenced to one (1) year of imprisonment. Ross was released from custody in that matter on May 24, 2024, after reaching her minimum expiration date.
>
> Regarding violation #2, on May 24, 2024, the pending charge in Knox County, Kentucky, District Court Case No. 24-F-00126 was dismissed.

On May 30, 2024, Magistrate Judge Ingram conducted an initial appearance on the violations set forth in the Report and Addenda pursuant to Rule 32.1. *See* [R. 48]. At the initial appearance, Ross, "after being sworn, competently, knowingly, voluntarily, and intelligently waived her right to a preliminary hearing." *Id.* at 1. Following that hearing, Ross was ordered detained upon the granting of the government's motion. *See id.*

On June 20, 2024, Ross appeared before Magistrate Judge Ingram for a final hearing in this matter.  *See* [R. 50].  At that time, Ross "waived a formal hearing and stipulated to Violation No. 1 as set forth in the February 6, 2024 Supervised Release Violation Report and Addenda.  The United States made an oral motion to dismiss Violation No. 2."  *Id.* at 1.  Magistrate Judge Ingram found Ross "competent to stipulate to the violation and that the stipulation [wa]s competently, knowingly, voluntarily and intelligently entered into and [wa]s consistent with the advice of her counsel."  *Id.*  At the hearing, Magistrate Judge Ingram also "heard from counsel and evidence was begun and concluded regarding the recommended sentence."  *Id.*

Following the final hearing, Magistrate Judge Ingram issued a Recommended Disposition in which he recommends that Ross's term of supervision be revoked based on her stipulation to Violation #1, that Violation #2 be dismissed, that she be sentenced to a term of imprisonment of ten months, and that the Court impose a term of twelve months of supervision.[1]  *See* [R. 51, p. 9].  Magistrate Judge Ingram explained his reasoning for these recommendations.  In particular, Magistrate Judge Ingram observed that revocation in a case of this nature is mandated by statute and is recommended by the Guidelines; he further considered the statutory factors, the Guidelines range (eight to fourteen months), and the parties' recommendations.  *See id.* at 3–9.

Magistrate Judge Ingram's Recommended Disposition advised the parties that any objections were to be filed within fourteen days.  *See id.* at 9.  The time to file objections has passed, and neither party has filed any objections to the Recommended Disposition nor sought an extension of time to do so.  Instead, Ross has filed a Waiver of Allocution.  *See* [R. 52].

---

[1] In one instance, the Recommended Disposition recommends "two years" of supervision, but then twice recommends "twelve months" of supervision.  *Compare* [R. 51, p. 6], *with id.* at 9.  Based on the Court's review of the record, it appears the reference to "two years" was a scrivener's error.

Generally, this Court must make a de novo determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a magistrate judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *See United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record, and agrees with Magistrate Judge Ingram's Recommended Disposition.

Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition **[R. 51]** is **ADOPTED** as the Opinion of the Court.

2. Ross is found **GUILTY** of Violation No. 1.

3. Violation No. 2 is **DISMISSED**.

4. Ross's supervision is **REVOKED**.

5. Ross is **SENTENCED** to a term of **ten months** of imprisonment to be followed by **twelve months** of supervised release, with the conditions previously imposed.

This the 16th day of July, 2024.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY